IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**DANA M. LOCKWOOD, on behalf of**
**herself and all other similarly situated,**

        **Plaintiff,**

        v.

**CERTEGY CHECK SERVICES, INC.**
Serve: CT Corporation System
       1200 South Pine Island Road
       Plantation, FL 33324

        **Defendant.**

8:07-CV-01434-T-23TGW

_____/

## CLASS ACTION COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL

COMES NOW Dana Lockwood ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, and in support of Plaintiff's Class Action Complaint, states as follows:

### INTRODUCTION

1.     This is a consumer class action lawsuit brought on behalf of Plaintiff, individually, and on behalf of persons throughout the nation whose consumer credit reports were intentionally and illegally sold by a representative of the Defendant, Certegy Check Service, Inc. in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et sec. ("FCRA"). Defendant deliberately and/or recklessly did not maintain reasonable procedures designed to limit the furnishing of Consumer Reports for the permissible purposes outlined under FCRA. As a result of Defendant's deliberate and/or reckless violations of FCRA, its high-level employee obtained Plaintiff and Class Members' Consumer Reports and sold them to third-parties without the consent of the Plaintiff and Class Members and for no permissible purpose under FCRA.

1

2. Defendant's actions constitute violations of FCRA, as well as common law negligence and breach of contract.

3. Plaintiff seeks damages suffered as a result of Defendant's practices including but not limited to statutory damages, compensatory damages and injunctive relief.

## PARTIES AND JURISDICTION

4. Plaintiff Dana Lockwood is an individual and a resident of Missouri.

5. Defendant Certegy Check Services, Inc. ("Certegy") is a subsidiary of Fidelity National Information Services, Inc. Defendant Certegy is a Delaware Corporation and its headquarters are located in St. Petersburg, Florida. Certegy provides financial information services throughout the United States, including engaging in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties.

6. This Court has jurisdiction over the federal claim herein pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. § 1367. Further, this Court also has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A). This Court has personal jurisdiction over Defendant because its owns and operates a business that is located within Florida and conducts substantial business throughout the United States.

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

8. Certegy is a financial information company doing business in the United States.

9. Certegy provides credit and check verification and authorization services to retail merchants doing business throughout the United States. Certegy's website states that it contains a "database of 100 million + good check writers."

10. On July 3, 2007, Certegy publicly announced that a high level employee sold Consumer Reports to a third party.

11. Altogether, millions of Consumer Reports, including Plaintiff's, were sold to third parties without Plaintiff or class members' permission or for any permissible purpose under the law. Certegy initially reported that approximately 2.5 million Consumer Reports had been disseminated.

12. The Consumer Reports Certegy's high level employee sold included credit, check, debit card numbers and account information, and other private, nonpublic credit information, including, but not limited to personal information such as names, addresses and telephone numbers as well as, in many cases, dates of birth.

13. In late July 2007, Certegy announced that the number of Consumer Reports improperly disseminated were approximately 8.5 million; more than 3 times the original estimate (hereinafter "Impermissible Dissemination").

14. Plaintiff used her checking account to purchase items from merchants doing business in the United States who were clients of Certegy on several occasions during 2006.

15. As a result of Plaintiff's checking account usage on several occasions in 2006, Defendant stored within its computer system and was in possession of Plaintiff's private, nonpublic personal credit and financial information.

16. Plaintiff's private, nonpublic personal and financial information has been improperly and illegally sold to a third party by an agent of Certegy's actions.

17. Upon information and belief, William G. Sullivan, a senior level database administrator and a seven-year veteran employee of Certegy, sold Plaintiff and Class Members' Consumer Reports to third parties.

18. Plaintiff, at no time, agreed to allow Certegy to retain their personal financial information or disseminate her Consumer Report.

19. Plaintiff, at no time, authorized an employee of Certegy to access her private credit and financial information to sell, broker or otherwise disseminate their Consumer Report to third parties.

## **CLASS ACTION ALLEGATIONS**

20. This action is brought on behalf of Plaintiff, individually and as a class action, on behalf of all persons or entities whose Consumer Reports were sold by Defendant as part of the Impermissible Dissemination (hereinafter "the Class") without the consent of consumers and/or without a permissible purpose under FCRA. The Class does not include Defendants, or their officers, directors, agents, or employees.

21. The Class is composed of thousands of consumers, the joinder of whom in one action is impracticable. Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

22. The rights of each member of the Class were violated in a similar fashion based upon Defendant's uniform actions.

23. Questions of law and fact common to the Class predominate over question which may affect individual Class members, including the following:

4

a. whether Defendant's employee sold Consumer Reports within the meaning of 15 U.S.C. § 1681a(d)(1) without Plaintiff's and class members' authorization;

b. whether Defendant's agent had a permissible purpose under FCRA to sell Consumer Reports within the meaning of 15 U.S.C. § 1681a(d)(1);

c. whether Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f);

d. whether Defendant violated the FCRA by failing to properly maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under FCRA;

e. whether Defendant violated the FCRA when it allowed its employees access to Plaintiff and Class Members' Consumer Reports;

f. whether Defendant violated the FCRA when its employee sold Consumer Reports to third parties in violation of FCRA;

g. whether Defendant's conduct was intentional;

h. whether Defendant's conduct was reckless;

i. whether Defendant was negligent in collecting and storing personal and financial information of Certegy's clients' customers;

j. whether Defendant took reasonable measures to safeguard the personal and financial information of Certegy's clients' customers;

k. whether Defendant owed a duty to Plaintiff and/or the Class to protect the personal and financial information of Certegy's clients' customers;

l. whether Defendant breached its duty to exercise reasonable care in storing Certegy's clients' customers' personal and financial information by storing

that information on Certegy's computer systems and in their physical possession;

m. whether Defendant breached a duty by failing to keep Plaintiff's and Class members' personal and financial information secure;

n. whether Defendant was negligent in failing to keep Plaintiff's and Class members' personal and financial information secure;

o. whether Plaintiff and members of the Class have sustained damages, and if so, what is the proper measure of those damages; and

p. whether statutory damages are proper in this matter.

24. Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no interest that is antagonistic to or that irreconcilably conflicts with those of other members of the Class.

25. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

26. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and the Class Member's claims. Plaintiff and the members of the Class have suffered irreparable harm as a result of Defendant's deceptive, negligent, and unlawful conduct. The damages suffered by individual Class Member may be relatively small, and thus few, if any individual class members can afford to seek legal redress on an individual basis for the wrong complained of herein. Absent a class action, Plaintiff and members of the Class will continue to suffer losses as a result of Defendant's unlawful and negligent conduct.

## COUNT I

## INTENTIONAL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27. Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is a claim for violation of the Fair Credit Reporting Act ("FCRA").

29. FCRA was created to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *See* 15 U.S.C. § 1681 *et sec.*

30. Under FCRA, a "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b. 15 U.S.C. § 1681a(d)(1).

31. Further, a "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

32. Plaintiff and the other Class Members are "consumers" or "persons," as defined and construed under FCRA (15 U.S.C. §§ 1681a(b) & (c)).

33. Defendant is a Consumer Reporting Agency as defined under FCRA because it, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and uses interstate commerce for the purpose of preparing or furnishing consumer reports.

34. Defendant maintains Consumer Reports as defined under the FCRA, because they are written, oral, or other communications of any information which bear on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under section 15 U.S.C. §1681b.

35. The consumer information sold by Defendant's employee amounted to Consumer Reports as defined under the FCRA.

36. As a Consumer Reporting Agency, Defendant is required to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under FCRA. *See* 15 U.S.C. § 1681e.

37. In conscious disregard for the rights of Plaintiff and the class, Defendant deliberately and/or recklessly did not maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under FCRA, specifically 15 U.S.C. § 1681e.

38. As enumerated above, the Defendant's reckless conduct allowed its high-level employee to obtain the subject Consumer Reports and sell them to third-parties without Plaintiff or Class Members' consent and for no permissible purpose under FCRA.

39. Further, Defendant is responsible for its employee's actions as an agent of the Defendant.

40. Defendant's conduct violated FCRA and Plaintiff and Class Members have been damaged by Defendant's reckless actions. At all times material, Defendant had full knowledge of its employee's conduct.

41. As a result of Defendant's conduct Plaintiff is entitled to actual damages sustained or statutory damages of not less than $100 and not more than $1,000, as well as the costs and attorney's fees in bringing this action. 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually on behalf of themselves, and all others similarly situated, respectfully asks that this Court enter an Order:

> (a) certifying this matter as a class action with Plaintiff as Class Representatives and designating Plaintiff's counsel as class counsel;
>
> (b) finding that Defendant purposefully and/or recklessly violated the FCRA due to its failure to maintain reasonable procedures designed to limit the furnishing of reports to the permissible purposes outlined under FCRA;
>
> (c) finding that Defendant is responsible for its employee's actions as an agent of the Defendant;
>
> (d) requiring Defendant to pay actual damages sustained or statutory damages of not less than $100 and not more than $1,000;

(e) enjoining Defendant from action which places consumers at a risk of future security breaches;

(f) requiring Defendant to pay Plaintiff and Class Members reasonable attorneys' fees and costs of litigation; and

(g) providing for such other legal and/or equitable relief as justice requires.

## COUNT II

### NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

42. Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein.

43. This is a claim for negligent violation of the Fair Credit Reporting Act ("FCRA").

44. FCRA was created to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *See* 15 U.S.C. § 1681 *et sec*.

45. Under FCRA, a "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under section 1681b. 15 U.S.C. § 1681a(d)(1).

46. Further, a "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the

practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

47. Plaintiff and the other members of the class are "consumers" or "persons," as defined and construed under FCRA. 15 U.S.C. §§ 1681a(b) & (c).

48. Defendant is a Consumer Reporting Agency as defined under FCRA because it, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

49. Defendant maintains Consumer Reports as defined under the FCRA, because they are written, oral, or other communications of any information which bear on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under section 15 U.S.C. §1681b.

50. The consumer information sold by Defendant's employee amounted to Consumer Reports as defined under the FCRA.

51. As a Consumer Reporting Agency, Defendant is required to maintain reasonable procedures designed to limit the furnishing of reports to the permissible purposes outlined under FCRA to avoid improper dissemination of Consumer Reports. *See* 15 U.S.C. § 1681e.

52. Defendant was negligent in failing to maintain reasonable procedures to protect its Consumer Reports.

53. As enumerated above, the Defendant's conduct allowed a high-level employee to obtain the subject Consumer Reports and sell them to third-parties without Plaintiff or Class Members' consent and for no permissible purpose in violation of FCRA.

54. Further, Defendant is responsible for its employee's actions as an agent of the Defendant.

55. Defendant's conduct violated FCRA and Plaintiff and Class Members have been damaged by Defendant's actions.

56. As a result of Defendant's conduct Plaintiff is entitled to actual damages to be proven at trial, as well as the costs and attorney's fees in bringing this action. 15 U.S.C. § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually on behalf of themselves, and all others similarly situated, respectfully asks that this Court enter an Order:

  (a) certifying this matter as a class action with Plaintiff as Class Representatives and designating Plaintiff's counsel as class counsel;

  (b) finding that Defendant violated the FCRA due to its failure maintain reasonable procedures designed to limit the furnishing of reports to the permissible purposes outlined under FCRA;

  (c) finding that Defendant is responsible for its employee's actions as an agent of the Defendant;

  (d) requiring Defendant to pay actual damages sustained;

(e) enjoining Defendant from action which places consumers at a risk of future security breaches;

(f) requiring Defendant to pay Plaintiff and Class Members reasonable attorneys' fees and costs of litigation; and

(g) providing for such other legal and/or equitable relief as justice requires.

## COUNT III

## NEGLIGENCE

57. Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein.

58. Defendant came into possession of Plaintiff's and the Class' private, non-public, personal and financial information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised and/or stolen.

59. Defendant had a duty to timely disclose the fact that Plaintiff's and the Class' private, non-public personal and financial information within its possession had been, or was reasonably believed to have been, compromised.

60. Defendant had a duty to protect Plaintiff's private, nonpublic personal and financial information within its possession.

61. Defendant further had a duty to hire and supervise trustworthy employees as well as to have procedures in place to detect and prevent dissemination of Plaintiff's private information by its employees. This breach of security and unauthorized access was reasonably foreseeable to Defendant.

62. Defendant, through its acts and/or omissions, unlawfully breached its duty to Plaintiff and the Class by failing to exercise reasonable care in protecting and safeguarding

Plaintiff's and Class' private, non-public, financial and personal information within its possession.

63. Defendant through its actions and/or omissions breached its duty to Plaintiff and the class by failing to hire and supervise trustworthy employees as well as to have procedures in place to detect and prevent dissemination of Plaintiff private information by its employees. Defendant is responsible for its employee's actions as an agent of the Defendant.

64. Defendants through its action and/or omission breached its duty to timely disclose the fact that Plaintiff's and the Class' private, non-public personal and financial information within its possession had been, or was reasonably believed to have been, compromised.

65. But for Defendant's negligent and wrongful breach of its duties owed to Plaintiff and the Class, Plaintiff's and the Class' private non-public personal and financial information would not have been compromised.

66. Plaintiff's and members of the Class' private, non-public, personal and financial information was compromised, viewed, and/or stolen as the proximate result of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard the private, non-public, personal and financial information within its possession.

67. Plaintiff and the Class suffered actual damages including, but not limited to: expenses for credit monitoring, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually on behalf of themselves, and all others similarly situated, respectfully asks that this Court enter an Order:

(a) certifying this matter as a class action with Plaintiff as Class Representatives and designating Plaintiff's counsel as class counsel;

(b) finding that Defendant was negligent in protecting Plaintiff's and the Class' private personal and financial information stored on their computer systems and in their physical possession;

(c) requiring Defendant to provide monies required to monitor Plaintiff's and other Class Members' financial accounts as well as to compensate anyone who suffers damage as a result of the unauthorized release of their private information;

(d) enjoining Defendant from action which places consumers at a risk of future security breaches;

(e) awarding damages to Plaintiff and the Class under the common law theories alleged;

(f) requiring Defendant to pay Plaintiff and Class Members reasonable attorneys' fees and costs of litigation; and

(g) providing for such other legal and/or equitable relief as justice requires.

## COUNT IV

### BREACH OF IMPLIED CONTRACT

68. Plaintiff incorporate paragraphs 1 through 26 as if fully set forth herein.

69. Defendant came into possession of Plaintiff's and the Class' private, non-public, personal and financial information and had an implied contract to protect such information with Plaintiff and the Class, via Plaintiff's and the Class' financial institution's privacy notices.

70. The implied contract required Defendant to not disclose the Class' private, non-public personal information and to safeguard and protect the information from being compromised and/or stolen.

71. Defendant did not safeguard and protect Plaintiff and the Class' private, non-public, personal and financial information from being compromised and/or stolen. Indeed, Defendant disclosed this information to the public.

72. Because Defendant disclosed Plaintiff and Class Members' private, non-public personal information and failed to safeguard and protect Plaintiff and the Class' private, non-public, personal and financial information from being compromised and/or stolen, Defendant's breached its contract with Plaintiff and the Class.

73. Plaintiff and the Class suffered actual damages including, but not limited to: anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually on behalf of themselves, and all others similarly situated, respectfully asks that this Court enter an Order:

    (a) certifying this matter as a class action with Plaintiff as Class Representatives and designating Plaintiff's counsel as class counsel;

    (b) finding that Defendant was breached its contract to safeguard and protect Plaintiff's and the Class' private personal and financial information stored on their computer systems and in their physical possession;

    (c) requiring Defendant to provide monies required to monitor Plaintiff's and other class members' financial accounts as well as to compensate class

members for all damages that result from the unauthorized release of their private information;

(d) enjoining Defendant from action which places consumers at a risk of future security breaches;

(e) awarding damages to Plaintiff and the Class under the common law theories alleged;

(f) requiring Defendant to pay Plaintiff and Class Members reasonable attorneys' fees and costs of litigation; and

(g) providing for such other legal and/or equitable relief as justice requires.

### JURY DEMAND

Plaintiff, on behalf of herself and the putative class, demand a trial by jury on all issues so triable.

Dated: August 13, 2007

Bryan F. Aylstock, Esq., FL Bar No. 78263
baylstock@awkolaw.com
Justin G. Witkin, Esq., FL Bar No. 109584
jwitkin@awkolaw.com
Douglass A. Kreis, Esq., FL Bar No.129704
dkreis@awkolaw.com
Neil D. Overholtz, Esq., FL Bar No. 0188761
noverholtz@awkolaw.com
R. Jason Richards, Esq., FL Bar No. 18207
jrichards@awkolaw.com
*Aylstock, Witkin, Kreis & Overholtz, PLLC*
803 N. Palafox Street
Pensacola, FL 32501
(850) 916-7450 Phone
(850) 916-7449 Facsimile
Lance A. Harke, Esq.
FL Bar No. 863599
lharke@harkeclasby.com
Howard M. Bushman, Esq.

17

hbushman@harkeclasby.com
FL Bar No. 0364230
*Harke & Clasby, LLP*
155 South Miami Ave., Suite 600
Miami, Florida 33130
(305) 536-8220 Phone
(305) 536-8229 Facsimile

Mitchell L. Burgess, Esq.
MO Bar No. 47524
mitch@burgessandlamb.com
Keith C. Lamb, Esq.
MO Bar No. 56761
*Burgess and Lamb, P.C.*
1000 Broadway, Suite 400
Kansas City, MO 64105
(816) 471-1700 Phone
(816) 471-1701 Facsimile

Ralph K. Phalen, Esq.
MO Bar No. 36687
phalenlaw@comcast.net
*Ralph K. Phalen Attorney at Law*
1000 Broadway, Suite 400
Kansas City, MO 64105
(816) 589-0753 Phone
(816) 471-1701 Facsimile