UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DANA M. LOCKWOOD, on behalf of
herself and all others similarly situated,

     Plaintiff,

v.                                                      CASE NO: 8:07-cv-1434-T-23TGW

CERTEGY CHECK SERVICES, INC.,

     Defendant.
_____/


## ORDER

Pursuant to Rule 23, Federal Rules of Civil Procedure, the plaintiffs Dana M.

Lockwood and Linda Beringer[1] (the "Representative Plaintiffs") move (Doc. 33) for an

order (1) preliminarily approving, pursuant to Rule 23(e), Federal Rules of Civil

Procedure, the settlement set forth in the parties' (Doc. 33-2) January 9, 2008,

settlement agreement and the exhibits thereto (the "Settlement Agreement");

(2) approving the proposed summary form of notice (the "Summary Notice") and long

form of notice (the "Notice") to the Settlement Class; (3) appointing Hilsoft Notifications,

Souderton, Pennsylvania, as the Notice Specialist; (4) appointing Epiq Systems Class

Action & Claims Solutions as Claims Administrator; (5) certifying the Settlement Class

---

[1] A March 20, 2008, order (Doc. 52) consolidated <u>Linda Beringer v. Certegy Check Services</u>, No. 8:07-1657-T-23MSS with this action pursuant to Local Rule 1.04(c) and Rule 42(a), Federal Rules of Civil Procedure.

pursuant to Rule 23; (6) appointing Dana M. Lockwood and Linda Beringer as the Representative Plaintiffs; (7) appointing Ben Barnow, Barnow and Associates, P.C.; Lance A. Harke, Harke & Clasby LLP; and Ralph K. Phalen, Ralph K. Phalen, Attorney at Law, as Co-Lead Settlement Class Counsel; and (8) scheduling a hearing to consider final approval of the settlement and any related matters.  The motion (Doc. 33) is **GRANTED** and the Settlement Agreement is preliminarily **APPROVED** as follows.

Pursuant to Rule 23(a) and (b)(3), the court hereby certifies a plaintiff class (the "Settlement Class") for purposes of settlement only in accordance with the terms of the Settlement Agreement.  The Settlement Class is defined as:

> All persons whose credit card, debit card, checking, or demand deposit account numbers or information was included in the Databases, including Bank Consumer Members and Credit Card Consumer Members.

"Databases" means the databases maintained by Certegy to which Certegy database administrator William Sullivan ("Sullivan") had access.  The information which Sullivan improperly and without authorization took from the databases is the "Stolen Records."

"Bank Consumer Members" means those Settlement Class members to whom Certegy mailed notice that their checking or other demand deposit account numbers or checking or other demand deposit account information was included in the Stolen Records.

"Credit Card Consumer Members" means those Settlement Class Members to whom Certegy mailed notice that their credit or debit card numbers or credit or debit card account information was included in the Stolen Records.[2]

Excluded from the definition of the Settlement Class are: (i) Certegy and its officers and directors; (ii) this court; (iii) any person or entity named as a defendant in any of the pending lawsuits in the concerned litigation; (iv) those persons who timely and validly request exclusion from the Settlement Class; and (v) any person or entity whose information was included in the Stolen records, but was intentionally falsified. Together, "Certegy" includes Certegy Check Services, Inc., and its ultimate parent Fidelity National Information Services, Inc., and all of their related entities.

As provided for in the Settlement Agreement, if the court does not grant final approval of the settlement set forth in the Settlement Agreement, or if the Settlement Agreement is terminated in accordance with its terms, the Settlement Agreement and the certification of the Settlement Class provided for herein will be vacated and the litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

The prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied because (1) the number of Settlement Class members is so large that joinder is impracticable, (2) questions of law and fact are common to the Settlement Class,

---

[2] Terms and phrases not otherwise defined in this order have the same meaning as defined in the Settlement Agreement.

(3) the claims of the Representatives Plaintiffs are typical of the claims of the members of the Settlement Class, (4) the Representative Plaintiffs and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class, (5) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class, and (6) certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.  Accordingly, the Settlement Class is certified for settlement purposes only pursuant to Rule 23.

Pursuant to Rule 23, plaintiffs Linda Beringer and Dana M. Lockwood are appointed as class representatives for settlement purposes only.

The settlement set forth in the Settlement Agreement is preliminarily approved as fair, reasonable, and adequate within the meaning of Rule 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

Pursuant to Rule 23(g), Ben Barnow, Barnow and Associates, P.C.; Lance A. Harke, Harke & Clasby LLP; and Ralph K. Phalen, Ralph K. Phalen, Attorney at Law, are appointed as co-lead counsel for the Settlement Class ("Co-Lead Settlement Class Counsel").

A hearing (the "Final Fairness Hearing") shall be held before the Honorable Steven D. Merryday on **August 22, 2008,** at **10:00 a.m.,** in **Courtroom 15A** of the United States District Court for the Middle District of Florida, Tampa Division, Sam M.

Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, to determine:

(a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

(b) whether a judgment as provided in the Settlement Agreement should be entered granting final approval of the settlement;

(c) whether, and if so in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff and Named-Plaintiff incentive awards should be paid to Co-Lead Settlement Class Counsel for distribution; and

(d) any other appropriate matter.

The court approves as to form and content the Summary Notice and Notice as contained in the Amended Notice Plan (Docs. 51-2, 51-3, 51-4, 51-5, 51-6, 51-7, and 51-8, 51-9).

The court approves and appoints Hilsoft Notifications, Souderton, Pennsylvania, as Notice Specialist and Epiq Systems Class Action & Claims Solutions as Claims Administrator, as set forth in the Settlement Agreement.

Certegy shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement.  Not later than ten (10) calendar days before the Final Fairness Hearing, counsel for Certegy shall file with the Clerk of Court one or more declarations stating that Certegy has complied with its notice obligations under 28 U.S.C. § 1715.

As soon as possible, notice shall be issued consistent with the Amended Notice Plan, and the Claims Administrator shall establish a dedicated settlement website and shall maintain and update the website throughout the Claim Period.  The dedicated settlement website will provide access to the Summary Notice, Notice, and claim form approved by the court, as well as the Settlement Agreement.

Compliance with the Amended Notice Plan is the best notice practicable in the circumstances and constitutes sufficient notice of this order to all persons entitled thereto and satisfies the requirements of Rule 23, applicable law, and due process.

Not later than ten (10) calendar days before the Final Fairness Hearing, Co-Lead Settlement Class Counsel and Certegy shall file with the Clerk of Court one or more declarations stating that in accordance with the terms of this order the Amended Notice Plan was complied with.

Each person wishing to opt out of the Settlement Class shall individually sign and timely submit a written notice of such intent to a designated Post Office Box established by the Claims Administrator, as set forth in the Notice.  The written notice must clearly manifest an intent to be excluded from the Settlement Class.  To be effective, written notice must be postmarked at least twenty-one (21) days before the date of the Final Fairness Hearing as set forth in the Notice, **August 22, 2008**.

Within seven (7) days after the deadline for persons to request exclusion from the Settlement Class, Co-Lead Settlement Class Counsel shall furnish to Certegy a complete list of all timely and valid requests for exclusion.

All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the judgment entered thereon, and all orders entered by the court in connection with the settlement set forth in the Settlement Agreement.  All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits under the Settlement Agreement nor be bound by the terms of the Settlement Agreement.

Settlement Class members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Settlement Agreement.  All Settlement Class members who qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim therefor in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the judgment.

Each Settlement Class member who wishes to object to the settlement shall submit a timely written notice of the objection.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address, (ii) information identifying the objector as a Settlement Class member, such as (a) proof (e.g., a letter from Certegy or the objector's bank, credit card company, or other financial institution) that the objector's personal financial information may have been compromised, or (b) an affidavit setting forth, in as much detail as the objector can reasonably provide, (1) the

fact of receiving a letter from Certegy, or the objector's bank, credit card company, or

other financial institution, indicating that the objector's personal financial information

may have been compromised, and the approximate date of receipt, and

(2) documentation supporting the objector's allegation of damage, if any, (iii) a written

statement of all grounds for the objection accompanied by any legal support for the

objection, (iv) the identity of all counsel representing the objector, (v) the identity of all

counsel representing the objector who will appear at the Final Fairness Hearing, (vi) a

list of all persons who will be called to testify at the Final Fairness Hearing in support of

the objection, (vii) a statement confirming whether the objector intends to testify at the

Final Fairness Hearing, and (viii) the signature of the objector or the objector's duly

authorized attorney or other representative (along with documentation setting forth such

authorization).  To be timely, written notice of an objection in appropriate form must be

filed with the Clerk of the United States District Court for the Middle District of Florida,

Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida, 33602,

twenty-one (21) days before the date set in the Notice for the Final Fairness Hearing

and served therewith upon both of the following:

> Co-Lead Settlement Class Counsel Ben Barnow, Barnow and Associates,
> P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602; and

> Counsel for Certegy, Mark S. Melodia, Reed Smith LLP, Princeton Forest
> Village, 136 Main Street, Suite 250, Princeton, NJ 08540.

All discovery and pretrial proceedings in this litigation, other than confirmatory

discovery provided for in the Settlement Agreement, are stayed until further order of the

court.  Additionally, Certegy's time to answer or otherwise respond to the complaints in all matters before this court is extended without date.

Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal.

Neither the Settlement Agreement nor the settlement contained therein nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:  (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Certegy; or (b) is or may be deemed to be, or may be used as an admission of, of evidence of, any fault or omission of Certegy, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

If the court does not grant final approval of the Settlement Agreement, or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be restored to their respective positions in the litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant; and (b) the terms and provisions of the Settlement Agreement shall have no further force or effect with respect to the Settling Parties and shall not be used in this litigation or in any other proceeding for any

purpose, and any judgment or order entered by the court in accordance with the terms of the Settlement Agreement shall be treated as vacated <u>nunc</u> <u>pro</u> <u>tunc</u>.

ORDERED in Tampa, Florida, on March 21, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE