

**UNITED STATES DISTRICT COURT
MIDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SOLOMON VEREEN, Class Member, individually and on
behalf of all others similarly situated,

Plaintiff

Vs.                                                    CASE No. 8:07-cv-1434-T-23TGW

CERTEGY CHECK SERVICES, INC.
Defendant

## NOTICE OF OBJECTION

COMES NOW SOLOMON VEREEN and respectfully submit Notice of Objection to the Settlement Agreement, dated as of January 9, 2007.

1.

On July 3, 2007 and July 25, 2007, Certegy Check Services, Inc ("Certegy Check") and its ultimate parent Fidelity National Information Services, Inc. ("FIS") for the benefit of themselves and all of their Related Entities (as defined herein) (together, "Certegy") publicly announced that a database administrator that worked for Certegy, now known to be William G. Sullivan ("Employee/Agent Sullivan"), stole consumer records and sold them to a third party for marketing purposes.

2.

The doctrine of *respondeat superior* is applicable in this case because (1) the act was of the same general nature as the responsibilities the employee/Agent Sullivan is authorized to perform in this case a database administrator for Certegy, and (3) the Employee/Agent Sullivan was

1

motivated to benefit the principal by serving millions of consumer records, which Certegy received payment.

3.

The termination of Employee/Agent Sullivan by Certegy for selling stolen records to third party is an admission of wrongdoing and liability; therefore, the act of wrongdoing and liability is imputed to Certegy under the doctrine of *respondeat superior*. As a result paragraph III DENIAL OF WRONGDOING AND LIABILITY of the Settlement Agreement is dead on its face, also likewise paragraph IV, 1.18 "Related Entities" as Certegy attempts to separate itself from employee/Agent Sullivan and wrongdoing.

4.

Paragraph IV, 1.10 "Final" of the Settlement Agreement should not be applicable to opt-outs Class Members, and language should be added spelling out exception.

5.

Paragraph IV, 2(d) <u>Dispute Resolution</u> last sentence states "any legal fees or expenses incurred during the dispute resolution shall be borne by the party incurring them." No Settlement Class Member should ever have to incurred any fees whatsoever in the Settlement Agreement.

6.

Paragraph 5 <u>Objection Procedures</u> 8.3, page 20 of the settlement Agreement, "No Person" (wording is not clear this could included Opt-outs Class Members) shall have any claim against Certegy, etc...

7.

Paragraph 10.3 page 22 of the Settlement Agreement last sentence "Certegy may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in

2

order to support a defense or counterclaim based on principles *res judicata*, collateral, estoppel, release, good faith settlement, judgment bar or reduction of any other theory of claim preclusion, issue preclusion or similar defense or counterclaim." This paragraph should include language with exception for Opt-Outs class members, *res judicata* should not apply.

WHEREFORE, Plaintiff prays that:

That the Settlement Agreement not be approved by the court as it currently stands.

Respectfully Submitted this 28 day of July, 2008

Solomon Vereen, Class Member
P.O. Box 44184
Atlanta, GA 30336
(404) 798-4013

3

UNITED STATES DISTRICT COURT
MIDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOLOMON VEREEN, Class Member, individually and on
behalf of all others similarly situated,

Plaintiff

Vs.                                                   CASE No. 8:07-cv-1434-T-23TGW

CERTEGY CHECK SERVICES, INC.
Defendant

### CETIFICATE OF SERVICE

This is to certify that I have this  28  day of July, 2008 Served true and correct copy of the **Notice of Objection** upon counsels by depositing same in the U.S. Mail, postage prepaid, properly addressed to:

Ben Barnow
Barnow and Associates, P.C.
1 North LaSalle, Suite 4600
Chicago, IL  60602
312 621-2000

Mark S. Melodia
Reed Smith, LLP
Princetow Forest Village
136 Main Street, Suite 250
Princetow, NJ  08540

Solomon Vereen, Class Member
P.O. Box 44184
Atlanta, GA  30336
(404) 798-4013