FILED

2008 AUG -1  AM 10: 06

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Linda Beringer, Dana Lockwood, Individually and on Behalf of Others Similarly Situated, | NO. 8:07-CV-01657-SDM-MSS |
| Plaintiffs, | NO. 8:07-CV-01434-SDM-TGW |
| v. | |
| CERTEGY CHECK SERVICES, INC. | |
| Defendant. | |

## NOTICE OF APPEARANCE, OBJECTION TO CLASS SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

David Stephens ("Objector") files this Objection to Class Settlement and Application for Attorneys' Fees and Expenses. He is a member of the class and received mailed notice of the proposed class settlement, attached hereto as Exhibit A. His address, telephone number and email address are as follows:

David Stephens
600 Navarro, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200
dstephens@lindow-treat.com

Counsel will be unable to appear and argue at the fairness hearing and, therefore, asks that these objections be submitted on the pleadings. This objection relies upon all pleadings and documents contained in the Court's file.

**The Class Notice Is Defective.**

The notice procedures utilized in class actions are analyzed in terms of due process. *Greenfield v. Village Industries, Inc.*, 483 F.2d 824, 833-34 (3rd Cir. 1973). Due process requires that class members be given enough information to make an informed choice about the proposed settlement. *In re Federal Skywalk Cases*, 97 F.R.D. 365, 367 (D.C. Mo. 1982). Thus, the class notice must contain information reasonably necessary to decide whether to remain a class member and be bound by the final judgment or to opt out or object to the settlement. The class notice in this case is defective and violates the minimum requirements of due process under these standards. First, no class definition exists in the class notice. It simply states "you are included in the settlement." That is not a class definition. A valid class must be defined by objective, presently ascertainable criteria. "You" is not a class definition. "You" is also inconsistent with the definitions of the class contained in the settlement agreement to the extent mailed notice does not reach all of the class members; and objection is made that the proponents of the settlement have not sustained their burden of proof on that issue. The class notice does not even explain the differences between bank consumer members or credit card consumer members. Second, the mailed notice does not provide sufficient information about the settlement or the underlying lawsuit. Third, the vague and confusing description of the available relief makes it impossible for class members to make the determination as to whether to opt-out, to file a claim or to object. Fourth, objection is made to the failure of the class notice to include the procedures required for making an objection; and objection is made to those procedures as unduly burdensome and unfair. For example, requiring proof that one is a class member from bank or credit card company is irrelevant for an objector who is already sent a class settlement notice that he or she is a class member ("you are included in the settlement"). The objection procedures violate the constitutionally-protected right to object to a class settlement and due process

guarantees by creating artificial and illogical barriers to filing an objection in order to keep the number of objectors down and to attempt to avoid the fairness process altogether. Moreover, requiring production of a letter Certegy sent in July or August 2007, is overreaching and unreasonable especially when the class notice states that you are a class member, even if you "may have" received the aforementioned letter. Moreover, each objection should be judged on its own merits – prior objections are irrelevant and serve only to chill those who would object.

**The Proposed Settlement is Unfair, Inadequate and Unreasonable.**

The Court has a responsibility as the guardian of the rights of the absentee class members when deciding whether to approve a settlement agreement. *2 Newberg on Class Actions*, § 11.41 at 11-93 (3d ed.1992) ("In all class settlements . . . the court has the duty to determine whether the settlement properly safeguards the interests of absent class members"). Under the proposed settlement, the benefits are so lacking in value that the settlement is not fair, adequate or reasonable, especially given the apparent value of the lawsuit and corresponding value of the release being given to Certegy and the other released parties. These "benefits" are also not adequately described in the class notice. The proponents of the settlement have failed to carry their burden of proof on fairness and objection is made on that basis.

**Attorneys' Fees and Expenses are Excessive.**

The is a divergence in financial incentives present whenever lawyers are faced with an opportunity to urge "a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment for fees." *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 524 (1st Cir. 1991). The proposed attorneys' fees are excessive given the lack of value conferred on the class. Plaintiffs' counsel should not obtain a windfall many times the actual benefit conferred on the class. Moreover, the Court should scrutinize the daily time entries of class counsel as part of a lodestar cross-check of fees.

WHEREFORE, PREMISES CONSIDERED, Objector respectfully requests the Court grant these objections to the class settlement and attorneys' fees and deny the parties' request to approve their proposed settlement.

                                      Respectfully submitted,

                                      BANDAS LAW FIRM, P.C.

By: _____
      Christopher A. Bandas
      Texas State Bar No. 00787637
      Pro Hac Vice Pending
      500 North Shoreline Blvd., Suite 1020
      Corpus Christi, Texas 78471
      (361) 698-5200 Telephone
      (361) 698-5222 Telecopier

                                      ATTORNEYS-IN-CHARGE FOR OBJECTOR

## CERTIFICATE OF SERVICE

On this the 31st day of July, 2008, a true and correct copy of the above and foregoing instrument was duly served by certified mail, return receipt requested upon the following counsel of record:

Mr. Ben Barnow
Barnow & Associates, P.C.
One North LaSalle St., Ste. 4600
Chicago, IL 60602
*Class Counsel*

Mr. Mark S. Melodia
Reed Smith, L.L.P.
Princeton Forrestal Village
136 Maine St., Ste. 250
Princeton, NJ 08540
*Defendants' Counsel*

Christopher A. Bandas

## If you have a credit card, paid by check for an online or phone purchase, got cash at a casino, or had a bounced/returned check, you could get benefits from a data theft settlement.

*Para una notificación en Español, llamar o visitar nuestro website.*

You may have received a letter last July or August about the theft of personal and financial information by an employee at Certegy Check Services, Inc. A settlement has now been reached with Certegy and Fidelity National Information Services, Inc. about that theft.

You are included in the settlement and you have legal rights and options, such as submitting a claim for benefits, excluding yourself from, or objecting to, the settlement.

**Settlement Benefits:** Certegy's records show that you are eligible for one year of credit monitoring plus $10,000 in identity theft insurance and reimbursement for identity theft (up to $20,000) and certain out-of-pocket expenses.

To get benefits you need to submit a claim form. Get claim forms at www.DataSettlement.com or by calling 1-877-580-9770. The earliest deadline to send in a claim form is **July 31, 2008**.

**Your Other Options:** If you do not want to be legally bound by the settlement, you must exclude yourself by **August 1, 2008**. If you stay in the Class, you may object to it by **August 1, 2008**. The Court will hold a hearing on **August 22, 2008**, to consider whether to approve the settlement. More information is available at www.DataSettlement.com or by calling 1-877-580-9770.

**www.DataSettlement.com**            **1-877-580-9770**

CM



EXHIBIT A