**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| DANA M. LOCKWOOD, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) CERTEGY CHECK SERVICES, INC. ) ) Defendant. ) | No. 8:07-cv-01434-SDM-TGW |

**consolidated with**

| | |
|---|---|
| LINDA BERINGER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) CERTEGY CHECK SERVICES, INC. ) ) Defendant. ) | No. 8:07-CV-01657-SDM-MSS |

**REPRESENTATIVE PLAINTIFFS' RESPONSE TO OBJECTOR JOEL SHAPIRO'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM**

Objector Joel Shapiro ("Objector Shapiro") has moved, through his counsel, John J. Pentz ("attorney Pentz"), for a protective order.[1] Objector Shapiro, however, fails to provide an adequate factual basis or legal support for the incorrect assertion that he cannot, or should not be deposed in this matter. Applicable law makes clear that Objector Shapiro can be

---

[1] Objector Shapiro indicates that he has "simultaneously moved to quash the subpoena in the Southern District of Florida." Co-Lead Settlement Class Counsel, however, have been unable to find any such motion on the docket.

deposed. Additionally, given the nature of the objection, as more fully stated herein, and that Objector Shapiro's counsel, attorney Pentz, refused to agree to any date for his deposition and actually provided incorrect information regarding Objector Shapiro's availability prior to him being personally served with a subpoena (when he advised plaintiffs' counsel that his client was out of the country, when in fact he was not), Objector Shapiro cannot now legitimately argue unavailability or undue burden to escape the procedurally and substantively proper subpoena and deposition.

## INTRODUCTION

On August 1, 2008, the last date to file timely objections, Objector Shapiro filed an objection to the settlement through attorney Pentz.[2] Objector Shapiro has requested to appear, through attorney Pentz, at the Final Fairness Hearing. Further, Attorney Pentz is seeking leave to be admitted *pro hac vice* before this court.

On August 7, 2008, Douglas Kreis, one of plaintiffs' counsel, called attorney Pentz several times and left a message with him regarding the scheduling of Objector Shapiro's deposition in this matter; attorney Pentz never responded. Mr. Kreis then emailed attorney Pentz, inquiring whether he would accept service of the deposition notice and subpoena duces tecum for Objector Shapiro. Mr. Kreis also inquired as to whether the date and time stated therein were suitable, and if not, indicated that accommodations could be made for a mutually agreeable time and location. Despite the willingness of plaintiffs' counsel to work with attorney Pentz to find a mutually-agreeable time and place for Objector Shapiro's deposition, attorney Pentz refused to accept service on his client's behalf, and refused to

---

[2] Objection of Joel M. Shapiro and Notice of Intent to Appear is attached hereto as Exhibit 1.

otherwise make his client available, indicating that Objector Shapiro was out of the country and in Denmark. In fact, Objector Shapiro was not in Denmark at that time. Rather, he had returned to the United States on August 3, 2008, contrary to attorney Pentz's representations.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Class Counsel issued a subpoena on Objector Shapiro commanding his attendance for deposition at 10:00 a.m. Eastern Time on August 18, 2008, at Esquire Deposition, 2499 Glades Rd., Boca Raton, Florida, 33431, which is just twenty-one (21) miles from Objector Shapiro's residence. The subpoena also commanded that Objector Shapiro produce several documents at that time. On August 11, 2008, Objector Shapiro was personally served with the subpoena at his home, but only after much effort, as Objector Shapiro was observed hiding inside his house and only answered the door after approximately twenty minutes of ringing the doorbell.

## ARGUMENT

**I.  The Deposition of Objector Shapiro is Appropriate Pursuant to Federal Rules of Civil Procedure 30 and 45, and is Made Even More So Given the Underlying Facts of His Objection.**

"A party may, by oral questions, depose any person, including a party, without leave of court." Fed. R. Civ. P. 30(a)(1) .[3] The propriety of that right is underscored by the fact that (1) Objector Shapiro mischaracterizes and appears to misunderstand the settlement; (2) he and his attorney appear to be, and in fact are, professional objectors; and (3) such circumstances create an aura of a pretextual nature, as opposed to substantive concerns of a

---

[3] The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed. R. Civ. P. 26(b). The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351 (1978).

3

Class member.  Furthermore, "a Rule 45 subpoena should be enforced unless it is clear 'that the evidence sought can have no possible bearing on the issues.'" *Benavides v. Velocity IQ, Inc.*, 2006 WL 680656, *2 (M.D. Fl. Mar. 15, 2006) (citing *Bush Development Corp. v. Harbour Place Associates*, 632 F. Supp. 1359, 1364 (E.D. Va. 1986)).  "[A] court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b)." *Commissariat a L'Energie Atomique v. Samsung Electronics Co.*, 2006 WL 5003562, *2 (M.D. Fl. June 14, 2006).

Pursuant to the Federal Rules of Civil Procedure, Co-Lead Settlement Class Counsel have the right to depose Objector Shapiro regarding, *inter alia*, the bases of his objection, his standing as an objector, and the context in which his objection has been brought. Also, Co-Lead Settlement Class Counsel have the right to command that Objector Shapiro produce at the deposition certain documentation relating to his prior experience(s) as an objector.  While the Court did not require said documentation to be filed with each objection, the situation here, involving repeat objectors, requires a closer inquiry. Objector Shapiro's motion cites no applicable law[4] contradicting these facts, but rather omits pertinent facts, and follows his usual course of denigrating other counsel.

---

[4] Objector Shapiro's statement that Co-Lead Settlement Class Counsel must show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship" only applies to Fed. R. Civ. P. Rule 45(c)(3)(B), which deals with disclosing trade secrets, an unretained expert's opinion, or a person who is not a party to "incur substantial expense to travel more than 100 miles to attend trial," none of which are applicable here.

4

**II.      The Deposition of Objector Shapiro Serves Important Purposes.**

Contrary to attorney Pentz's suggestion, Co-Lead Settlement Class Counsel are not deposing Objector Shapiro to retaliate against any objection or to harass any objector. Respectfully, Co-Lead Settlement Class Counsel fully understand that the Court will consider any objection that is made, including Objector Shapiro's. However, the context in which an objection is made is probative and important. In this instance, on the last day for objections, an objection was filed by a lawyer who is intimately familiar with the objection process, as attorney Pentz has made a career out of it, including filing previous objections on behalf of Objector Shapiro.  While Objector Shapiro may have standing to make the objection, his position in this case raises questions as to whether he has a substantial interest in the points raised on his behalf or whether those objections were made in a pretextual context.

Co-Lead Settlement Class Counsel are not attempting to stop the Court from considering objections.  Respectfully, they would not, and could not do so. But the circumstances here raise important questions going to the integrity of the objection: Is the objection a legitimate objection or pretextual? Did Objector Shapiro really mean this, or was it his lawyer's view? Do we really have a Class member who objects to the settlement, or has a lawyer with an extensive objection history allowed his views to be filed under Objector Shapiro's name? Is Objector Shapiro aware that, at a minimum, portions of his purported objection are frivolous, given that Co-Lead Settlement Class Counsel are not seeking $4.3 million in fees?

This is not to say that in a pretextual context, points cannot be made regarding the terms of a settlement. However, the legitimacy and sincerity of a Settlement Class Member's

concerns are impacted by how the objection arose, how it was facilitated, and how it was pursued. It is necessary for a court to protect the judicial system's integrity from potentially ill-motivated and/or unfounded objections. *See* Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS (4th ed.) § 11.55, text at n.5 (citing *Shaw v. Toshiba Am. Info. Systems, Inc.*, 91 F. Supp. 2d 942, 974–75 (E.D. Tex. 2000)). Such information provides more information for the Court in the Court's consideration of the objection and its underlying merits.

Allowing depositions of an objector in the position of Objector Shapiro is, as shown above, appropriate and not unique to this case. Not only is the issuance of a subpoena not unique to this class case, but such depositions, as with the facts here, have multiple positive effects on class action litigation. They gather additional information to aid the Court to determine if an objection is pretextual or substantive, i.e., they go to the integrity of the objection and its origin. Objector Shapiro's motion claims that the deposition only seeks information about other cases. Not so. The request for documents does not limit the scope of the deposition and clearly relates, *inter alia*, to the likely pretextual nature of this objection. The objection strikes out against the interests of the Class, and denigrates the efforts and professional integrity of Co-Lead Settlement Class Counsel. Co-Lead Settlement Class Counsel have a duty to protect the interests of the Class, which is exactly what such depositions are designed to do, including protecting the integrity of the judicial system.

**III.    Class Counsel Have Made Efforts to Accommodate Objector Shapiro.**

Contrary to the Shapiro Motion's allegations of harassment and burden, Co-Lead Settlement Class Counsel have made every effort to work with attorney Pentz to coordinate

6

the deposition of Objector Shapiro. Out of professional courtesy, instead of serving Objector Shapiro with a subpoena without notifying attorney Pentz, which the law provides for, Douglass Kreis, one of plaintiffs' counsel, contacted attorney Pentz, in addition to his local counsel David M. Snyder,[5] and attempted to set the date cooperatively. As stated *supra*, attorney Pentz continually refused to agree to any date, further stating that his client was out of the country.  It was only when personal service on Objector Shapiro was made that Co-Lead Settlement Class Counsel discovered that this statement was completely false.  Thus, given the professional courtesy Co-Lead Settlement Class Counsel extended to Objector Shapiro and his attorney, and the fact that attorney Pentz provided erroneous information to Co-Lead Settlement Class Counsel, any unavailability argument should be denied, particularly where Co-Lead Settlement Class Counsel remain available, as previously stated to attorney Pentz, to re-set the deposition, although the time limitations have become severe because of his position.[6]

Objector Shapiro argues that Co-Lead Settlement Class Counsel "waited until August 11, 2008, after Shapiro filed an objection . . . to serve their subpoena and notice of deposition," even though they knew Shapiro was a member of the class since at least April 2008.  Nevertheless, Co-Lead Settlement Class Counsel had no need to depose Shapiro in April 2008.  Rather, the need arose when Objector Shapiro filed his current objection through

---

[5] Attorney Snyder stated that all questions pertaining to Mr. Shapiro should be directed to attorney Pentz, and that he was told that Mr. Shapiro was out of the country.

[6] Co-Lead Settlement Class Counsel contacted attorney Pentz on August 15, 2008, informing him that they would be willing to reschedule the deposition for Tuesday, August 19, 2008, to accommodate attorney Pentz's vacation plans.  Despite these attempts at accommodation, attorney Pentz has indicated that in light of Objector Shapiro's pending motion, Objector Shapiro will not be appearing for his deposition presently noticed for August 18, 2008.

his counsel, attorney Pentz, who is a "professional objector" in every sense of the term. Objector Shapiro makes these arguments despite the fact that he himself waited until August 1, 2008, to file his objection, which was the very last day to do so.

## CONCLUSION

For the foregoing reasons, Representative Plaintiffs, through Settlement Class Co-Lead Counsel, pray that this Honorable Court enter an order:

(a) Denying Objector Shapiro's Motion for Protective Order and Incorporated Memorandum;

(b) In the alternative, denying the motion, but compelling the deposition of Joel Shapiro to be held on August 21, 2008, at 10 a.m. Eastern Time, in Fort Myers, Florida; or

(c) Such other relief as the Court deems appropriate.

Dated: August 15, 2008                                      *Co-Lead Settlement Class Counsel*

  /s/  Ben Barnow
Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL  60602
(312) 621-2000


  /s/  Lance A. Harke
Lance A. Harke
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, FL 33130
(305) 536-8220


  /s/  Ralph K. Phalen
Ralph K. Phalen
Ralph K. Phalen, Attorney at Law
1000 Broadway, Suite 400
Kansas City, MO 64105
(816) 589-0753

9

## **List of Exhibits**

Exhibit 1:   Objection of Joel M. Shapiro and Notice of Intent to Appear

## Certificate of Service By Electronic Means

     I, Ben Barnow, one of the attorneys for Plaintiff, hereby certify that the foregoing Representative Plaintiffs' Response to Objector Joel Shapiro's Motion for Protective Order and Incorporated Memorandum, was caused to be served electronically on August 15, 2008, pursuant to ECF.

                                        /s/ Ben Barnow_____