UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA M. LOCKWOOD, on behalf of
herself and all others similarly
situated,

    Plaintiff,

v.                                        CASE NO. 8:07-cv-1434-T-23TGW

CERTEGY CHECK SERVICES, INC.,

    Defendant.

_____/

**ORDER**

On August 4, 2008, Joel Shapiro filed his objection (Doc. 78) to the class action settlement agreement and notice of intent to appear at the August 22, 2008, final fairness hearing. On August 11, 2008, class counsel served on Shapiro a subpoena duces tecum under Rule 45, Federal Rules of Civil Procedure, commanding (a) Shapiro's attendance for a deposition at 10:00 a.m. on August 18, 2008, at Esquire Deposition, 2499 Glades Road, Boca Raton, Florida, 33431 and (b) production of documents pertinent to Shapiro's objections including documents evidencing Shapiro's class membership, documents relating to Shapiro's retention of counsel (excluding privileged communications), and documents relating to Shapiro's history of filing

objections in class action lawsuits.  On August 14, 2008, Shapiro moved (Doc. 85) for a protective order.[1]

The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.  See Commissariat A L'Energie Atomique v. Samsung Electronics Co., Ltd., No. 8:06-mc-44-T-30TBM, 2006 WL 5003562 (M.D. Fla. June 14, 2006); see also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).  The documents sought are plainly relevant under Rule 26(b)(1)'s broad definition of relevance, particularly in light of class counsel's contention that Shapiro and his attorney are "professional objectors."  See Shaw v. Toshiba Am. Info. Sys., Inc., 91 F. Supp. 2d 942, 973-74 (E.D. Tex. 2000) (noting "obviously 'canned' objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests").  Deposing the objector is appropriate for the same reason. No undue hardship appears in requiring Shapiro to travel from his residence in Lake Worth, Florida (see Doc. 78 at 1) to Boca Raton (a distance of approximately twenty-one miles, according to Co-lead Settlement Class Counsel (Doc. 86 at 3)), and the short notice is evidently a consequence of Shapiro's waiting to file objections until the final day for filing timely objections.  The motion (Doc. 85) is **DENIED**.  Shapiro is directed to produce all non-privileged documents requested by the subpoena and to appear for his

---

[1] Shapiro states (Doc. 85 at 3) that he has "simultaneously moved to quash the subpoena in the Southern District of Florida."  Co-lead Settlement Class Counsel state (Doc. 86 at 1) that they have been "have been unable to find any such motion on the docket."

deposition on **August 21, 2008,** at **10:00 a.m. EST** at Esquire Deposition, 2499 Glades Road, Boca Raton, Florida, 33431.  Counsel are directed to immediately confer in a good faith effort to secure timely compliance with this order.  No filing of any paper by any party will suspend the objector's obligation to appear at the deposition.

ORDERED in Tampa, Florida, on August 18, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE