UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA M. LOCKWOOD, on behalf of
herself and all others similarly
situated,

    Plaintiff,

v.                                      CASE NO. 8:07-cv-1434-T-23TGW

CERTEGY CHECK SERVICES, INC.,

    Defendant.

LINDA BERINGER, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.                                      CASE NO: 8:07-cv-1657-T-23TGW

CERTEGY CHECK SERVICES, INC.,

    Defendant.

_____/

**JUDGMENT**

Linda Beringer and Dana M. Lockwood (the "Representative Plaintiffs") and the defendants Certegy Check Services, Inc., ("Certegy Check") and its corporate parent Fidelity National Information Services, Inc., ("FIS") for the benefit of themselves and all

their Related Entities (together, "Certegy") entered into a settlement agreement dated January 9, 2008 (the "Settlement Agreement").

A March 21, 2008, order (Doc. 53) (the "order of preliminary approval") certified a plaintiff class pursuant to Rule 23, Federal Rules of Civil Procedure, for settlement purposes only; approved the form and method of dissemination of the notice to Settlement Class Members; directed appropriate notice to the Settlement Class; and scheduled a hearing to consider final approval of the settlement.

As attested in the August 12, 2008, declaration (Doc. 83-2) of Shannon R. Wheatman, Ph.D., the notice to the Settlement Class directed by the order of preliminary approval and the governmental notice required by the Class Action Fairness Act, Pub. L. 109-2, 119 Stat. 4 (2005), 28 U.S.C. § 1715, have been provided.

On August 22, 2008, a hearing was held to determine whether the settlement described in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

Review of the submissions presented with respect to the settlement, the record, the evidence presented by the parties, and argument of counsel reveals that the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

Terms and phrases not otherwise defined in this judgment are defined in the Settlement Agreement.

"Claims" means all known claims and Unknown Claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity.

"Released Claims" means any and all claims (including, without limitation, any cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., the California Business and Professional Code § 17200 et seq., California Civil Code § 1798.80-84 et seq., California Civil Code § 1798.53, and any similar statutes in effect in any other states in the United States; negligence; negligence per se; breach of contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation [whether fraudulent, negligent, or innocent]; unjust enrichment; and bailment) and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief, that either have been asserted or could have been asserted by any Settlement Class Member against Certegy based on, relating to, concerning, or arising out of the Stolen Records or the allegations, facts, or circumstances described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or Certegy to enforce the terms of the settlement contained in the Settlement Agreement.

"Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know or suspect to exist in his favor at the time of the release of Certegy which, if known by him, might have affected his settlement with and release of Certegy or might have affected his decision not to object to or to participate in this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States, or principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542,  which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settlement Class Members, including the Representative Plaintiffs, and any of them, may hereafter discover facts in addition to or different from those that they and any of them now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims.  The Settling Parties acknowledge, and the

Settlement Class Members shall be deemed by operation of the judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part.  Notwithstanding the foregoing, Released Claims shall not include the right of any Settlement Class Member or Certegy to enforce the terms of the settlement contained in the Settlement Agreement.

"Related Entities" means any past or present director, officer, employee, agent, customer, client, attorney, predecessor, successor, parent, subsidiary, or division, and any affiliated entity of Certegy, but excluding William G. Sullivan.

"United States" as used in this judgment includes the District of Columbia and Puerto Rico.

The court has subject matter jurisdiction of this matter and all the claims asserted against Certegy.[1]

The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable in the circumstances.  The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice

---

[1] Although some courts have concluded that federal courts lack subject matter jurisdiction over claims similar to the plaintiffs' because "plaintiffs whose data has been compromised, but not yet misused, have not suffered an injury-in-fact sufficient to confer Article III standing," see Pisciotta v. Old Nat'l Bancorp, 499 F.3d 629, 634 (7th Cir. 2007) (collecting cases), "the injury-in-fact requirement can be satisfied by a threat of future harm or by an act which harms the plaintiff only by increasing the risk of future harm that the plaintiff would have otherwise faced, absent the defendant's actions," Pisciotta, 499 F.3d at 634.  Hence, although pertinent to the value of the plaintiffs' claims (and therefore to the fairness of the settlement), the novelty in the plaintiffs' alleged damages (and the possibility that the plaintiffs have suffered no damages recoverable under the applicable substantive law) does not affect the plaintiffs' standing to sue.

satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

Pursuant to Rule 23 and the order of preliminary approval, for the purpose of settling the Released Claims against Certegy in accordance with the Settlement Agreement, the following persons are members of the Settlement Class:

> All persons whose credit card, debit card, checking, or demand deposit account numbers or information was included in the Databases, including Bank Consumer Members and Credit Card Consumer Members.

Excluded from the Settlement Class are those persons identified in the attached list (entitled "Lockwood v. Certegy Valid and Timely Exclusions" prepared by Epiq Class Action & Claims Solutions, Inc., dated August 14, 2008, and submitted as Exhibit 2 [Doc. 88-3] to the Representative Plaintiffs' "Motion for Final Approval of Class Action Settlement, and Award of Attorneys' Fees, Costs and Expenses, and Incentive Awards" [Doc. 88] who submitted timely and valid requests for exclusion from the Settlement Class ("Opt-Outs"[2]).  Opt-Outs shall neither share in the distribution of the Settlement Fund nor receive any benefit from the Settlement Agreement and shall not be bound by this judgment.

Also excluded from the Settlement Class are (i) Certegy and its officers and directors; (ii) this court; (iii) any person or entity named as a defendant in a pending

---

[2] Pursuant to the parties' agreement (Doc. 97) to accept the late-filed opt-out of Stephanie Dabrowski of Naples, Florida, "due to Ms. Dabrowski's personal circumstances," the parties' request to exclude Ms. Dabrowski from the Settlement Class is granted.  Accordingly, "Opt-Outs" includes Ms. Dabrowski.

- 6 -

lawsuit in the concerned litigation; and (v) any person or entity whose information was included in the Stolen Records, but was intentionally falsified.

The Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and adequately represent the interests of Settlement Class Members in connection with the Settlement Agreement.

The objections to the Settlement Agreement (including objections later withdrawn[3]) have either been mooted by the settlement or are unsupported by credible evidence.  The settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class and is **APPROVED**.

The Representative Plaintiffs, Certegy, FIS, and the Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement in its entirety is incorporated by reference into this order.

The complaints in <u>Beringer v. Certegy Check Services, Inc.</u>, No. 8:07-cv-1657-T-23TGW (M.D. Fla.) and <u>Lockwood v. Certegy Check Services, Inc.</u>, No. 8:07-cv-1434-T-23TGW (M.D. Fla.), and all claims alleged in the Litigation are **DISMISSED WITH PREJUDICE**.

The plaintiffs in <u>McCall v. Certegy Check Services, Inc.</u>, No. 4:07-578-CV-FJG (W.D. Mo.); <u>Borreson v. Sullivan</u>, No. 2:07-cv-07-5309 (C.D. Cal.), <u>Jaramillo v. Certegy Check Services, Inc.</u>, No. 1:07-cv-5018 (N.D. Ill.); and <u>Sellers v. Certegy Check</u>

---

[3] Pursuant to Rule 23(e)(5) (providing that a class member's objection "may be withdrawn only with the court's approval"), objectors David Stephens and Ed Ellis move (Docs. 93, 98) to withdraw their objections and state that neither the objectors nor their counsel have received any compensation for filing the motion.  Although the objections have been considered and were overruled at the August 22, 2008, final fairness hearing, the motions are **GRANTED**.

Services, Inc., No. 8:07-cv-2192-T-23EAJ (M.D. Fla.), are directed to dismiss their cases with prejudice as soon as practicable.  Counsel for the plaintiffs in these actions have already agreed, in joining the Settlement Agreement, to dismiss their cases with prejudice upon entry of this judgment.

Each Release Claim of each Settlement Class Member is hereby extinguished as against the Released Persons.  The Representative Plaintiffs and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Released Claims against Certegy upon the terms and conditions provided in the Settlement Agreement.

Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly or indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims against Certegy is asserted.

Certegy shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged the Representative Plaintiffs and the Settlement Class Members from all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except as set forth in the Settlement Agreement.

Neither this judgment, the Settlement Agreement, the settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement

Agreement or the settlement (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Certegy or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of Certegy, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Certegy may file the Settlement Agreement and this judgment in any action brought against Certegy to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Following review of the Representative Plaintiffs' petition for an award of attorneys' fees, costs, expenses, and incentive awards,[4] and the August 18, 2008,

---

[4] In addition to the information provided in the Representative Plaintiffs' "Motion for Final Approval of Class Action Settlement, and Award of Attorneys' Fees, Costs and Expenses, and Incentive Awards" (Doc. 88) and the exhibits, Co-Lead Settlement Class Counsel inform the court that as of August 27, 2008, the Claims Administrator had received 51,549 claims for either credit monitoring or bank account monitoring (29,334 claims for credit monitoring and 22,215 claims for bank account monitoring), 2,807 claims for identity theft reimbursement, and 5,830 claims for reimbursement of out of pocket expenses. (Additionally, Co-Lead Settlement Class Counsel inform the court that the parties have agreed that no otherwise proper claim for credit monitoring and bank monitoring will be rejected as untimely if submitted or postmarked before September 1, 2008.).  As the Representative Plaintiffs concede, even if not "a common fund recovery per se," the settlement "strongly resembles the contours" of a common fund recovery (Doc. 88 at 30), and "attorneys' fees awarded from a common fund [must] be based upon a reasonable percentage of the fund established for the benefit of the class," Camden I Condo. Ass'n, Inc. v. Dunkle, 946 F.2d 768, 774 (11th Cir. 1991).  Furthermore, the common fund is measured by benefits actually conferred on class members, see Rule 23(h), Federal Rules of Civil Procedure, committee note (the "fundamental focus is the result actually achieved for class members"); Manual for Complex Litigation (Fourth) § 14.121, 21.71; cf. Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1(a)(6); 78u-4(a)(6) (2000) (fee award should not exceed a "reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class"), not on benefits theoretically "made available" to the class.  Accordingly, the actual number of claims for credit monitoring and bank monitoring requires a very large reduction in the Representative Plaintiff's estimate of the fund's size.  Using the Representative Plaintiffs' estimates of the value of the monitoring, (1) the credit monitoring component of the recovery was

(continued...)

affidavit of Sharon Harris (Doc. 88-8), the court awards attorneys' fees, costs, and expenses in the amount of $2,350,000.00; representative plaintiff incentive awards in the amount of $500.00 each to Linda Beringer and Dana M. Lockwood; and named-plaintiff incentive awards in the amount of $250.00 to each of the other named plaintiffs in these actions.  All attorneys' fees, costs, and expenses, representative plaintiff incentive awards, and named-plaintiff incentive awards shall be made to Co-Lead Settlement Class Counsel, who are authorized to allocate and distribute the aforesaid funds amongst the participating law firms in proportion to their respective contributions, costs, and expenses as demonstrated by the affidavit (Doc. 88-8) of Sharon Harris.  Any dispute concerning the allocation shall be under the jurisdiction of this court.

The parties have stipulated and the court has determined that the decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from the issues raised by Co-Lead Settlement Class Counsel's petition for attorneys' fees, costs, expenses, and incentive awards, and Certegy's papers in response thereto.

Without affecting the finality of this judgment in any way, the court retains jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

---

(...continued)
worth about $1,742,439 ($4.95/mo. x 12 months = $59.40; 29,334 claims x $59.40 = $1,742,439.60), and (2) the bank monitoring component was worth about $2,639,142 ($4.95/mo. x 24 months = $118.80; 22,215 claims x $118.80 = $2,639,142).  Although these figures are far below the Representative Plaintiffs' estimates based on benefits "made available" by the settlement ($74,250,000 for credit monitoring and $504,900,000 for bank monitoring), the reduction requires no alteration of the court's finding at the final fairness hearing that the attorneys' fees requested by the Representative Plaintiffs and agreed by Certegy following court-ordered mediation are reasonable under Camden I Condo. Ass'n.

Co-Lead Settlement Class Counsel are directed to review the docket and inform the Clerk of any filings (e.g., claim forms) by Settlement Class Members that contain unredacted financial account numbers, whereupon the Clerk is directed to redact all but the final four digits in accordance with the Administrative Procedures for Electronic Filing in Civil and Criminal Cases (M.D. Fla. Mar. 15, 2007) but to maintain unredacted copies in the file.  The Clerk is directed to terminate any pending motion and **CLOSE** the case.

ORDERED in Tampa, Florida, on September 3, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE